UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO. 19-63005-CIV-ALTMAN/HUNT

ALICE SARAH BARNETT-MENZER,

    Plaintiff,

v.

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

THIS CAUSE is before this Court on the Parties' Cross Motions for Summary Judgment. ECF Nos. 12, 14. The Honorable Roy K. Altman, United States District Court Judge, referred this Matter to the undersigned United States Magistrate Judge for a Report and Recommendation. ECF No. 11; *see also* 28 U.S.C.A. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motions and the Responses thereto, the entire case file, the applicable law, and being otherwise fully advised in the premises, the undersigned respectfully RECOMMENDS that Plaintiff's Motion for Summary Judgment, ECF No. 12, be DENIED and that Defendant's Motion for Summary Judgment, ECF No. 14, be GRANTED.

## BACKGROUND

Alice Sarah Barnett-Menzer ("Plaintiff") filed an application for Title II disability Insurance Benefits, alleging disability beginning January 16, 2004. On April 18, 2006 an

Administrative Law Judge ("ALJ") rendered a favorable decision and found Plaintiff disabled beginning on January 16, 2004.  On June 9, 2016, the Social Security Administration ("SSA") determined Plaintiff was no longer disabled since June 2016.  Plaintiff requested a hearing and appeared and testified at the hearing held on October 18, 2018.  On February 13, 2019, an ALJ issued an unfavorable decision finding that Plaintiff's disability ended June 1, 2016.  The Appeals Council denied Plaintiff's request for review on October 9, 2019.  Plaintiff now seeks judicial review of the ALJ's decision.

## SOCIAL SECURITY FRAMEWORK

The ALJ applies an eight-step analysis to determine whether a claimant has a continuing disability:

> (1) whether the claimant is engaging in substantial gainful activity; (2) if not gainfully employed, whether the claimant has an impairment or combination of impairments that meets or equals a listed condition; (3) if impairments do not meet a listing, whether there has been medical improvement; (4) if there has been medical improvement, whether the improvement is related to the claimant's ability to do work; (5) if there is improvement not related to the claimant's ability to do work, whether an exception to medical improvement applies; (6) if medical improvement is related to the claimant's ability to do work or if an exception applies, whether the complainant has a "severe impairment,"; (7) if the claimant has a severe impairment, whether the claimant can perform past relevant work; and (8) if the claimant cannot perform past relevant work, whether the claimant can perform other work.

*Klaes v. Comm'r of Soc. Sec.*, 719 F. App'x 893, 895 (11th Cir. 2017); 20 C.F.R. § 4041594(f)(1)-(8).  If at step six the evidence shows that all the current impairments in combination do not significantly limit the claimant's physical or mental ability to do basic work activities, then these impairments will not be considered severe in nature. 20 C.F.R. § 4041594(f)(6).  If so, then the claimant will no longer be considered to be disabled.  *Id.*

Here, at step three of this process, the ALJ concluded that "medical evidence supports a finding that, by June 1, 2016, there had been a decrease in medical severity of the impairments present at the time of the [comparison point decision ('CPD')]." ECF No. 7 at 18. The ALJ found that this medical improvement was related to the ability to work because it represented an increase in functional capacity for basic work activities when compared to the residual functional capacity the claimant had at the time of the CPD. *Id.* Next, the ALJ found that Plaintiff's impairments in combination did not cause significant limitation in her ability to perform basic work activities. *Id.* As a result, the ALJ concluded that Plaintiff was no longer disabled. ECF No. 7 at 27.

## **STANDARD OF REVIEW**

Judicial review of the ALJ's decision in a disability case is "limited to an inquiry into whether there is substantial evidence to support the findings of the [ALJ], and whether the correct legal standards were applied." *Wilson v. Barnhart*, 284 F.3d, 1219, 1221 (11th Cir. 2002) (citing 42 U.S.C. § 405(g)). Whether the ALJ applied the correct legal standards is a question of law, which this Court reviews de novo. *Graham v. Bowen*, 790 F.2d 1572, 1575 (11th Cir. 1986) (citing *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir. 1982)). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)). In determining whether substantial evidence exists, the court must scrutinize the record in its entirety, "taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the court may not reweigh the evidence or substitute its

judgment for that of the ALJ.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  Even if the evidence preponderates against the ALJ's decision, the reviewing court must affirm if the decision applies the correct legal standard and is supported by substantial evidence.  *See Crawford*, 363 F.3d at 1158–59.

## **ANALYSIS**

Plaintiff makes one argument in her request to reverse the ALJ's decision or remand the case for further proceedings.  Plaintiff argues that the ALJ's determination that Plaintiff no longer has an impairment or combination of impairments that significantly limits her ability to perform basic work activities is not supported by substantial evidence.  Specifically, Plaintiff contends that the ALJ decision is improper because the ALJ failed to compare the medical evidence supporting the decision that found Plaintiff disabled with the new medical evidence.

I.  <u>Whether the ALJ's Decision is Supported by Substantial Evidence</u>

Plaintiff contends the ALJ provided a summary of the medical evidence covering the period from May 4, 2016 through June 17, 2018.  However, Plaintiff argues that the ALJ engaged in no discussion of the evidence that led to Plaintiff's disability.  Plaintiff further alleges that the ALJ did not conduct a comparison of the evidence that led to the claimant's prior disability finding with the new medical evidence.  In total, Plaintiff argues that the ALJ's failure to conduct a comparison warrants reversal of the ALJ's decision and remand for a proper determination of this issue.

"In a cessation of benefits case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff has

experienced 'medical improvement.'" *Mesa v. Saul*, No. 19-21736-CIV-MORENO/LOUIS, 2020 WL 4932831, at *3 (S.D. Fla. Aug. 24, 2020). "A finding that there has been a decrease in medical severity must be based on an improvement in the symptoms, signs and/or laboratory findings associated with the claimant's impairments, which were present at the time of the most recent favorable medical decision that she was disabled ("CPD")." *Id.* at 9. This analysis requires the ALJ to *actually compare* the previous and current medical evidence to show that such an improvement occurred. *Klaes*, 719 F. App'x at 896. An adequate finding of medical improvement cannot occur without such comparison. *Vaugh v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984). "[F]ailure to make such comparison requires reversal and remand for application of the proper legal standard." *Quario v. Saul*, No. 8:18-cv-600-T-AEP, 2019 WL 4051972, at* 5 (M.D. Fla. Aug. 28, 2019) (citing *Vaughn*, 727 F.2d at 1043). When conducting such a comparison, the ALJ must show that there have been changes in the symptoms, signs, or laboratory findings associated with the plaintiff's impairment. *Rodriguez v. Comm'r of Soc. Sec.*, 6:16-cv-2110-Orl-28DCI, 2017 WL 6498087, at *4 (M.D. Fla. Nov. 30, 2017).

In *Mesa*, the district court reversed and remanded the ALJ's decision that found there had been a medical improvement because the medical records related to the previous CPD were absent from the administrative transcript, the administrative transcript did not contain the original CPD decision, and that the ALJ did not describe any such records demonstrated that the ALJ did not apply the correct standard. 2020 WL 4932831, at *9.

Here, unlike *Mesa*, the transcript contained the previous CPD decision and the previous medical records. In the 2006 CPD decision, the medical evidence of record

5

consisted of: 1) a report and Physical Capacity Assessment of Dominic Kleinhenz, M.D., Plaintiff's treating orthopedist at the time; 2) a report from Sami Dagher, M.D., Plaintiff's pain management physician diagnosing left lower extremity sympathetically mediated pain; and 3) the opinion of a state agency non-examining non-treating physician. ECF No. 7 at 80–81.

In the cessation of benefits decision, the ALJ considered Dr. Kleinhenz's 2006 opinion, described Dr. Kleinhenz's statements on Plaintiff's condition, and gave the opinion little weight because there were more recent records showing improvement subsequent to Dr. Kleinhenz's opinion. *Id.* at 24–25. Specifically, the ALJ noted that in Dr. Kleinhenz's report, he stated that on Plaintiff's left foot it was painful to stand or walk any distance; however, the ALJ found that this statement was not supported by the objective evidence in the record. *Id.* The ALJ also considered the opinion of the previous state agency reviewing medical consultant and discussed the opinion in detail. *Id.* at 25. However, the ALJ then went on to describe the opinion of a more recent State Agency reviewing medical consultant who reviewed the Cooperative Disability Investigations ("CDI") investigative report and found that Plaintiff's physical functional performance appeared non-severe. *Id.* at 25–26. The CDI investigative report showed that Plaintiff was "observed not to show any mobility or behavior consistent with the severity and allegations; she walked her dogs without assistance or any assistive devices, showed good dexterity and strength in use of the arms and legs, had no discomfort demonstrated while manipulating and maintain [sic] control of her dogs or when lifting her legs, demonstrated no neck or back pain when bending down, maintained good balance,

6

walked with a steady pace and showed no difficulty as she drove off in her SUV alone." *Id.* at 21, 25.

Additionally, the ALJ's findings described recent medical reports dating from 2016 to 2018, Plaintiff's testimony, Plaintiff's husband's testimony, and other evidence that was considered.  The undersigned notes that the previous CPD decision's consideration of medical evidence was a mere two pages long.  The undersigned finds that the ALJ did more than simply state the previous medical evidence but actually compared such evidence to the current evidence of record, such as the CDI investigative report, the multiple medical opinions from 2016 to 2018, and the state agency reviewing medical consultant's report.  As a result, the ALJ found that the previous medical evidence was contradicted by the current objective medical evidence and therefore gave the previous medical evidence little to no weight.

Although the ALJ could have perhaps used more explicitly comparative language, it is clear from her decision in its entirety that she compared and contrasted the medical evidence from the previous CPD to the current medical evidence.  The undersigned finds that the ALJ properly and adequately evaluated the medical evidence regarding the original finding of disability and compared it to the newer medical evidence.  Having done so, the ALJ determined that Plaintiff's condition had sufficiently improved to support a finding that she is no longer disabled.  The ALJ applied the correct standard and her decision is supported by substantial evidence.  Therefore, her decision must be affirmed.

**RECOMMENDATION**

For the reasons set forth above, the undersigned hereby RECOMMENDS that Plaintiff's Motion for Summary Judgment be DENIED, and that Defendant's Motion for Summary Judgment be GRANTED.

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district.  28 U.S.C. § 636(b)(1); S.D. Fla. Mag. R. 4(b).  The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation.  11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

DONE and SUBMITTED at Fort Lauderdale, Florida, this 21st day of January 2021.

_____
PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Roy K. Altman
All Counsel of Record